OPINION
{¶ 1} The defendant-appellant, Dante L. Corbin ("Corbin"), appeals the January 24, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas of Allen County, Ohio.
 {¶ 2} On June 16, 2005, Corbin was indicted by the Allen County Grand Jury on Counts 1, 3 and 5 — trafficking in crack cocaine, in violation of R.C. 2925.03(A) and (C)(4)(d), felonies of the third degree; Count 2 — permitting drug abuse, in violation of R.C. 2925.13(A) and (C)(3), a felony of the fifth degree; and Count 4 — trafficking in crack cocaine, in violation of R.C. 2925.03(A) and (C)(4)(d), a felony of the first degree.
 {¶ 3} On December 13, 2005, Corbin entered into a negotiated plea arrangement and pled guilty to Counts 3, 4, and 5 of the indictment, in exchange for the dismissal of Counts 1 and 2. The trial court ordered a presentence investigation. On January 23, 2006, a sentencing hearing was held. Corbin was sentenced to two years in prison for Count 3, four years in prison for Count 4, and two years in prison for Count 5, with the sentences to be served consecutively.
 {¶ 4} On February 28, 2006, Corbin filed a notice of appeal. On March 13, 2006, this Court dismissed the appeal for lack of jurisdiction because the appeal was untimely and filed outside the thirty days required by App.R. 4(A). On April 6, 2006, Corbin filed a Motion for Delayed Appeal and a Notice of Appeal. On May 30, 2006, this Court granted the Motion for Delayed Appeal.
 {¶ 5} In Corbin's April 6, 2006 notice of appeal, he raised the following assignments of error:
 Assignment of Error I THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT UNDER ASTATUTE DECLARED UNCONSTITUTIONAL PURSUANT TO STATE v. FOSTER(2006) 109 Ohio St.3d 1.
 Assignment of Error II THE OHIO SENTENCING SCHEME IS UNCONSTITUTIONAL EVEN AFTERSTATE v. FOSTER SINCE POST FOSTER SENTENCING REPRESENTSAPPLICATION OF A LAW EX POST FACTO.
 Assignment of Error III THE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATES THE RULE OFLENITY.
 {¶ 6} Corbin's first assignment of error poses an issue concerning his felony sentencing. He alleges that his sentence is void because it is based upon statutes which have recently been found unconstitutional by the Ohio Supreme Court.
 {¶ 7} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster, Corbin's first assignment of error is sustained.
 {¶ 8} Corbin asserts in his second assignment of error that the application of Foster to his case and sentence violates the ex post facto clause of the United States Constitution.
 {¶ 9} This Court has recently held that violations of the ex post facto clause were not properly before the Court because the defendant was yet to be resentenced in conformity with Foster
in State v. Pitts (2006), 3rd Dist. No. 1-06-02,2006-Ohio-2796; State v. Sanchez (2006), 3rd Dist. No. 4-05-47,2006-Ohio-2141; State v. McKercher (2006), 3rd Dist. No. 1-05-83, 2006-Ohio-1772. In each of those cases, the defendants were in the process of being remanded for resentencing in light of the Foster decision. Furthermore, a claim that rests upon future events that may not occur at all, or may not occur as anticipated, is not considered ripe for review. State ex rel.Keller v. Columbus (2005), 164 Ohio App.3d 648, at ¶ 20.
 {¶ 10} In this case, the issues that Corbin raises regarding the ex post facto clause are not properly before us because Corbin has yet to be re-sentenced. Thus, the second assignment of error is deemed moot.
 {¶ 11} Corbin argues in his third assignment of error that the "rule of lenity" requires that a defendant receive minimum and concurrent sentences because the rule cautions against increasing the penalty imposed on a particular offender where the increase is based on nothing more than a guess as to what criminal sanction the legislature intended.
 {¶ 12} The "rule of lenity" was originally a common law rule of statutory construction that has been codified in R.C.2901.04(A), which provides:
Except as otherwise provided in division (C) or (D) of thissection, sections of the Revised Code defining offenses orpenalties shall be strictly construed against the state, andliberally construed in favor of the accused.
 {¶ 13} While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states. United States v. Johnson
(2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; UnitedStates v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219,137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio St.3d 175, 178,573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void in State v. Foster, supra. Therefore, the rule of lenity has no bearing on the present case becauseFoster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes. Accordingly, Corbin's third assignment of error is overruled.
 {¶ 14} Accordingly, Corbin's first assignment of error is sustained. His second assignment of error is deemed moot and his third assignment of error is overruled. Therefore, the January 24, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas of Allen County, Ohio is affirmed in part, reversed in part and pursuant to the Foster decision, the matter is remanded for resentencing.
Judgment affirmed in part, reversed in part, and remanded forresentencing.
 Walters, J., concurs.
 Rogers, J., concurs separately.