OPINION
{¶ 1} Appellant, Phillip Moore, appeals a judgment of the Allen County Common Pleas Court sentencing him to eight years in prison. Moore asserts that his resentencing, pursuant to the mandate in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; In re: CriminalSentencing Statute Cases, 109 Ohio St.3d 313, 2006-Ohio-2109,847 N.E.2d 1174, was improper because it violated his right to trial by jury; because it retroactively applied sentencing laws in violation of his right to be free from ex post facto laws; because it constituted an unlawful act of judicial enlargement of a criminal statute; and because it was violated of the rule of lenity. Because we find that the sentencing herein comports with the Supreme Court's mandate inFoster and In re: Criminal Sentencing Statute Cases, we affirm the judgment of the trial court.
 {¶ 2} On February 4, 2004, a jury convicted Moore of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2). Immediately after the verdict, the trial court sentenced Moore to eight years in prison.
 {¶ 3} Thereafter, Moore filed a direct appeal of his sentence. Ultimately, the Supreme Court of Ohio reversed his sentence and remanded the matter to the trial court for resentencing pursuant to its decision in Foster. In re: Criminal Sentencing Statute Cases, at ¶ 36.
 {¶ 4} On June 26, 2006, the trial court held a new sentencing hearing and sentenced Moore to the identical eight-year sentence as previously imposed. From this judgment, Moore takes the instant appeal, setting forth four assignments of error:
 First Assignment of Error The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in State v. Foster
(2006), 109 Ohio St.3d 1, which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 Second Assignment of Error The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize the sentence rendered against Defendant Phillip Moore, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 Third Assignment of Error The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451.
 Fourth Assignment of Error The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
 {¶ 5} Moore argues in his first assignment of error that the trial court violated his right to a jury trial by sentencing him to a term exceeding the maximum sentence mandated by the Sixth andFourteenth Amendments. Furthermore, he argues that the decision in Foster is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 {¶ 6} The Supreme Court of Ohio addressed constitutional issues concerning felony sentencing in Foster. In Foster, the Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional and void, including R.C. 2929.14(B), which required judicial factfinding. Foster, at ¶ 97, 103. Regarding new sentences and resentences, the Supreme Court stated "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 7} As this court is required to follow precedent established by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Moore to the same eight-year prison term previously imposed. The new sentence imposed upon Moore was within the range of sentences provided by the legislature for a conviction of a second degree felony. Therefore, pursuant to the ruling in Foster, Moore's first assignment of error is overruled.
 {¶ 8} In his second and third assignments of error, Moore posits that the application of Foster to his sentence violates the ex post facto provision of the United States Constitution. He argues that his due process rights are violated because the effect of Foster is to create an ex post facto law. He contends that Foster applies retroactively and increases the penalty for offenses committed prior to the court's decision in Foster. In his second assignment of error, Moore alleges that the announcement in Foster is incompatible with the controlling precedent of the United States Supreme Court and must be rejected. In his third assignment of error, he claims that the decision rendered inFoster is invalid pursuant to Rogers v. Tennessee (2001), 532 U.S. 451,121 S.Ct. 1693, 149 L.Ed.2d 697.
 {¶ 9} However, for the reasons articulated in State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Moore's argument that his sentence violates his due process rights. The sentencing range for his felony offense, which he had notice of prior to the commission of the crime, has remained unchanged by the application of Foster. Therefore, we find that Moore's second and third assignments of error are without merit and are overruled.
 {¶ 10} Moore urges in his fourth assignment of error that the "rule of lenity" requires that a defendant receive minimum and concurrent sentences. He argues that legislatures, and not the courts, are to define criminal activity and the appropriate punishments.
 {¶ 11} The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides that " * * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
 {¶ 12} The rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. United States v.Johnson (2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39;United States v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219,137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio St.3d 175, 178,573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. Therefore, the rule of lenity has no bearing on the present case since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes. Accordingly, Moore's fourth assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Allen County Common Pleas Court is hereby affirmed.
Judgment affirmed.
 ROGERS and SHAW, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)