OPINION
{¶ 1} Defendant-appellant, Clifton A. Satterwhite, appeals from the judgments of the Franklin County Court of Common Pleas, in which the trial court, upon remand pursuant to In re Ohio Criminal SentencingStatutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 82, and under the authority of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, resentenced appellant to a maximum prison term in case No. 04CR01-86 *Page 2 
and, in pertinent part, to non-minimum and consecutive prison terms in case No. 03CR11-7642.
 {¶ 2} In case No. 03CR11-7642, the Franklin County Grand Jury indicted appellant on: (1) four counts of aggravated robbery, first-degree felonies, in violation of R.C. 2911.01; (2) four counts of robbery, second-degree felonies, in violation of R.C. 2911.02; (3) four counts of robbery, third-degree felonies, in violation of R.C. 2911.02; and (4) three counts of kidnapping, first-degree felonies, in violation of R.C.2905.01. The counts contained specifications for appellant possessing and brandishing a firearm pursuant to R.C. 2941.141 and 2941.145, respectively.
 {¶ 3} A jury trial ensued on the above charges, and the jury ultimately found appellant guilty as charged. On August 24, 2004, the trial court held a sentencing hearing. At the sentencing hearing, the trial court merged the firearm specifications. Additionally, the trial court merged: (1) the robbery charges in Counts 5 and 9 into the first-degree felony aggravated robbery charge in Count 1; (2) the robbery charges in Counts 6 and 10 into the second-degree felony robbery charge in Count 2; (3) the kidnapping charges in Counts 7 and 11 into the third-degree felony robbery charge in Count 3; and (4) the aggravated robbery charges in Counts 8 and 12 into the first-degree felony aggravated robbery charge in Count 4.
 {¶ 4} The trial court proceeded to impose four-year prison terms on each of the merged offenses: (1) Count 1, aggravated robbery; (2) Count 2, robbery; (3) Count 3, robbery; and (4) Count 4, aggravated robbery. The trial court also imposed four-year prison terms on each of the remaining offenses: (1) Count 13, robbery, a second-degree felony; (2) Count 14, robbery, a third-degree felony; and (3) Count 15, kidnapping, a *Page 3 
first-degree felony. In doing so, the trial court imposed more than the minimum authorized prison sentence on these offenses, but the trial court did not impose the maximum prison sentences on these offenses. See R.C. 2929.14(A). The trial court also imposed three years imprisonment on the merged firearm specification.
 {¶ 5} The trial court ordered appellant to serve the sentences on Counts 1, 13, 14, and 15 concurrently. The trial court ordered appellant to serve the sentences on Counts 2, 3, and 4 consecutively with each other and concurrently with Counts 1, 13, 14, and 15. The trial court also ordered appellant to serve the firearm specification sentence consecutively with all counts on which appellant was sentenced.
 {¶ 6} In case No. 04CR01-86, the Franklin County Grand Jury indicted appellant for carrying a concealed weapon, a fourth-degree felony, in violation of R.C. 2923.12. Appellant pled guilty to attempted carrying a concealed weapon, a fifth-degree felony, and, at the August 24, 2004 sentencing hearing, the trial court imposed the maximum authorized 12-month prison sentence on the offense. See R.C. 2929.14(A). The trial court ordered appellant to serve the sentence consecutive to the sentences in case No. 03CR11-7642.
 {¶ 7} Thereafter, appellant appealed to this court. We affirmed the trial court's judgment in State v. Satterwhite, Franklin App. No. 04AP-964, 2005-Ohio-2823. Appellant then appealed to the Ohio Supreme Court, which, as noted above, reversed the trial court's judgment as it pertained to sentencing only.
 {¶ 8} Upon remand, the trial court imposed the same sentences as noted above in case Nos. 03CR11-7642 and 04CR01-86. Likewise, the trial court again ordered *Page 4 
appellant to serve the sentence in case No. 04CR01-86 consecutive to the sentences in case No. 03CR11-7642.
 {¶ 9} Appellant appeals, raising four assignments of error:
 Assignment of Error One
 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO TRIAL BY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH AND FOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER
(2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE STATUTORY MAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED.
 Assignment of Error Two
 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDED THE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK AT THE TIME OF THE OFFENSE. THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, WHICH PURPORTS TO AUTHORIZE THE SENTENCE RENDERED AGAINST APPELLANT, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THE UNITED STATES SUPREME COURT AND MUST BE REJECTED.
 Assignment of Error Three
 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BY SENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THE SUPREME COURT OF OHIO IN STATE V. FOSTER (2006), 109 OHIO ST.3D 1, *Page 5 
 BECAUSE THE HOLDING OF FOSTER IS INVALID UNDER ROGERS V. TENNESSEE (2001), 532 U.S. 451.
 Assignment of Error Four THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM AND CONCURRENT SENTENCES, AND THE RULING OF THE COURT OF COMMON PLEAS TO THE CONTRARY MUST BE REVERSED.
 {¶ 10} In appellant's first, second, and third assignments of error, appellant argues that the trial court resentenced him in violation of his constitutional rights to due process and a jury trial and in violation of his constitutional right against ex post facto laws. We disagree.
 {¶ 11} Appellant's constitutional arguments stem from the trial court resentencing appellant under Ohio's felony sentencing laws post-Foster. In Foster, the Ohio Supreme Court applied the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296. InApprendi, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under theSixth Amendment to the United States Constitution and Fourteenth Amendment due process guarantees. Apprendi at 476-478, 497. In Blakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may impose solely on the basis of thefacts reflected in the jury verdict or admitted by the defendant." (Emphasis sic.) Blakely at 303. *Page 6 
 {¶ 12} In Foster, the Ohio Supreme Court concluded that portions of Ohio's felony sentencing statutes violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely.Foster at ¶ 50-83. Specifically, the court stated that, under certain circumstances, the felony sentencing statutes unconstitutionally require a trial court to make "specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." Id. at ¶ 54.
 {¶ 13} As an example, here, before resentencing, the trial court originally imposed non-minimum sentences on appellant, pursuant to R.C.2929.14(B), which stated, in part:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 14} Likewise, before resentencing, the trial court originally imposed consecutive sentences on appellant, pursuant to R.C.2929.14(E)(4), which stated:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the *Page 7 
 offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The trial court was also required to provide reasons for imposing such consecutive sentences. R.C. 2929.19(B)(2)(c).
 {¶ 15} Furthermore, before resentencing, the trial court originally imposed a maximum sentence on appellant's attempted carrying a concealed weapon conviction, pursuant to R.C. 2929.14(C), which stated, in pertinent part:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense [or] upon offenders who pose the greatest likelihood of committing future crimes * * *.
Again, the trial court was required to make findings under R.C.2929.14(C) and provide reasons for its findings. R.C. 2929.19(B)(2)(d).
 {¶ 16} However, in Foster, the Ohio Supreme Court severed from Ohio's felony sentencing laws the unconstitutional statutes, including R.C.2929.14(B), (C), and *Page 8 
(E)(4), and 2929.19(B)(2). Id. at ¶ 99. As a result, pursuant toFoster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences. Id. at ¶ 100.
 {¶ 17} Accordingly, here, the trial court resentenced appellant under its full discretion to impose a prison sentence within the statutory range in accordance with the Foster severance remedy. Appellant notes that his original sentence was based on a sentencing scheme that did not provide such full discretion, and, thus, appellant argues that such full discretion from the Foster severance violated his constitutional rights to due process and to a jury trial and violated his constitutional right against ex post facto laws. Accordingly, appellant contends that the above constitutional rights require that: (1) the Foster severance remedy not apply to him; and (2) in accordance with Blakely andApprendi, the court impose minimum and concurrent sentences because neither a jury found nor appellant admitted the sentencing factors in R.C. 2929.14(B), (C), and (E)(4).
 {¶ 18} However, in State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio423, at ¶ 3-5, we rejected the exact constitutional arguments that appellant raises here. Specifically, in Houston, we concluded that the Foster severance remedy does not violate a defendant's due process rights and right against ex post facto laws because defendants, like appellant, had notice "of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected[.]" Id. at ¶ 4. We also concluded that theFoster severance remedy does not violate a defendant's jury trial rights when the trial court resentences a defendant, as *Page 9 
here, without making "any additional factual findings not found by a jury" and, additionally, when the trial court resentences a defendant, as here, without exceeding "the statutory maximum based upon factual findings the jury did make[.]" Id. at ¶ 5. Lastly, in rejecting the above-noted constitutional arguments, we stated that "it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives." Id. at ¶ 4.
 {¶ 19} Accordingly, based on the above, we conclude that, when the trial court resentenced appellant pursuant to the Foster severance remedy, the trial court did not violate appellant's constitutional rights to due process and a jury trial, and the trial court did not violate appellant's constitutional right against ex post facto laws. As such, we overrule appellant's first, second, and third assignments of error.
 {¶ 20} In his fourth assignment of error, appellant argues that the trial court's sentence violated the rule of lenity. The rule of lenity is a statutory construction that a court will not interpret a criminal statute to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous. Houston at ¶ 6, citingMoskal v. United States (1990), 498 U.S. 103, 107-108. Under the rule, ambiguity in criminal statutes is construed strictly so as to apply only to conduct that is clearly prescribed. United States v. Lanier (1997),520 U.S. 259, 266. In Houston, we recognized that the rule of lenity has been codified in R.C. 2901.04(A), which provides, in pertinent part: "Except as otherwise provided * * * sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." SeeHouston at ¶ 6. *Page 10 
 {¶ 21} Here, appellant reiterates that the Foster severance remedy improperly gave the trial court full discretion on his remanded pre-Foster sentence, which was a sentence originally imposed under a sentencing scheme that did not provide such full discretion. Appellant argues that the rule of lenity requires that the Foster severance remedy not apply to him and that the trial court impose minimum and concurrent sentences in accordance with Blakely and Apprendi because neither a jury found nor appellant admitted the sentencing factors in R.C. 2929.14(B), (C), and (E)(4).
 {¶ 22} However, in Houston, we concluded that the Foster severance remedy does not violate the rule of lenity. Specifically, inHouston, we concluded:
 * * * [T]he rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. See Lanier, at 266. There exists no ambiguity in the sentencing statutes in Ohio because the Ohio Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. See State v. Moore, Allen App. No. 1-06-51, [2006-Ohio-6860], at ¶ 12. * * * State v. Green, Ashtabula App. No. 2005-A-0069, 2006-Ohio-6695, at ¶ 24 (the principle of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Ohio Supreme Court decisions). Therefore, the rule of lenity is not applicable to the circumstances in the present case, as appellant points out no ambiguity in the sentencing statutes, and Foster clearly and unambiguously severed the unconstitutional portions of the pertinent sentencing statutes. See Moore, supra (the rule of lenity has no bearing since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes). See, also, State v. Corbin, Allen App. No. 1-06-23, 2006-Ohio-6092, at ¶ 13 (the rule of lenity is not applicable because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes). * * *
Id. at ¶ 7. *Page 11 
 {¶ 23} Accordingly, based on the above, we conclude that the trial court did not violate the rule of lenity when it resentenced appellant pursuant to the Foster severance remedy. As such, we overrule appellant's fourth assignment of error.
 {¶ 24} In summary, we overrule appellant's first, second, third, and fourth assignments of error. As such, we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
 SADLER, P.J., and BROWN, J., concur. *Page 1