OPINION
{¶ 1} Defendant-appellant, Anthony Cockroft, appeals from an entry of the Franklin County Court of Common Pleas which re-sentenced defendant following the Supreme Court of Ohio's remand of his original sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 2} Resolution of defendant's assignment of error requires only a brief recitation of the facts. Following an incident on February 27, 2003, defendant was indicted for aggravated robbery, aggravated murder, attempted murder, and tampering with evidence. *Page 2 
A jury later found defendant guilty as charged in the indictment. The trial court sentenced defendant, and this court affirmed the trial court's judgment. See State v. Cockroft, Franklin App. No. 04AP-608,2005-Ohio-748. The Supreme Court of Ohio subsequently remanded the case to the trial court for re-sentencing pursuant to In re CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶ 35, and under the authority of Foster.
 {¶ 3} On June 1, 2006, the trial court held a new sentencing hearing on the aggravated robbery, attempted murder, and tampering with evidence charges. By entry filed June 16, 2006, the court imposed identical sentences to those originally imposed. Defendant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED BY NOT SENTENCING APPELLANT TO MINIMUM AND CONCURRENT TERMS OF IMPRISONMENT, THEREFORE DEPRIVING APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION [sic].
 {¶ 4} Defendant contends the trial court erred by imposing non-minimum and consecutive terms of imprisonment. Specifically, defendant asserts that the retroactive application of Foster to his sentencing violates the Due Process and Ex Post Facto Clauses of the United States Constitution. Defendant argues that the severance remedy instituted inFoster violates his constitutional rights because the severance, in effect, raises the presumptive minimum sentence. Defendant contends that, pursuant to the statutes in effect at the time he committed the crimes, there was a presumption of minimum and concurrent terms, and non-maximum sentences. This court has recently addressed and rejected defendant's arguments in numerous cases. See, e.g., State v.Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18 ("the remedial holding of *Page 3 Foster does not violate [the] appellant's due process rights, or the ex post facto principles contained therein"); State v. Alexander, Franklin App. No. 06AP-501, 2005-Ohio-6375, at ¶ 8 ("at the time that [the] appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences");State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 9
("the severance remedy chosen by the Supreme Court of Ohio inFoster does not violate ex post facto or due process principles");State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, at ¶ 4
("the retroactive application of Foster [does] not violate the right to due process and the ex post facto clause * * * [I]t is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives. * * * [In addition, the] appellant knew the statutory range of punishments at the time he committed the offenses for which he was convicted"); and State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at ¶ 9 (acknowledging that this and other Ohio appellate courts have determined that the "the application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process, or operate as an ex post facto law").
 {¶ 5} Defendant also asserts the trial court's sentence violates the rule of lenity. This court has also examined and rejected this argument, most notably in State v. Henderson, Franklin App. No. 06AP-645,2007-Ohio-382. Therein, this court noted that the rule of lenity "is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous." Id. at ¶ 9, citing Moskal v. United States (1990), 498 U.S. 103, 107-108,111 S.Ct. 461. We further noted that under the rule, *Page 4 
"ambiguity in criminal statutes is to be construed strictly so as to apply only to conduct that is clearly prescribed." Id. citing UnitedStates v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219. We also noted that the rule has been codified in R.C. 2901.04(A), which provides, in relevant part, that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Id.
 {¶ 6} In Houston, we concluded the Foster sentencing remedy does not violate the rule of lenity, stating:
 * * * [T]he rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. See Lanier, at 266. There exists no ambiguity in the sentencing statutes in Ohio because the Ohio Supreme Court held that portions of Ohio's felony sentencing framework were unconstitutional in Foster. See State v. Moore, Allen App. No. 1-06-51 [2006-Ohio-6860], at ¶ 12 * * * State v. Green, Ashtabula App. No. 2005-A-0069, 2006-Ohio-6695, at ¶ 24 (the principle of lenity applies to the construction of ambiguous statutes, not to determinations of a statute's constitutionality or to the law regarding the retroactive effect of Ohio Supreme Court decisions). Therefore, the rule of lenity is not applicable to the circumstances in the present case, as appellant points out no ambiguity in the sentencing statutes, and Foster clearly and unambiguously severed the unconstitutional portions of the pertinent sentencing statutes. See Moore, supra (the rule of lenity has no bearing since Foster clearly and unambiguously severed the unconstitutional portions of these sentencing statutes). See, also, State v. Corbin, Allen App. No. 1-06-23, 2006-Ohio-6092, at ¶ 13 (the rule of lenity is not applicable because Foster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes). * * *
Id. at ¶ 7. See, also, Houston, supra, at ¶ 6-7; State v. Ragland, supra, at ¶ 10; State v. Fout, Franklin App. No. 06AP-664,2007-Ohio-619, at ¶ 8; State v. Satterwhite, Franklin *Page 5 
App. No. 06AP-666, 2007-Ohio-798, at ¶ 20-23. Accordingly, based on the above, we conclude that the trial court did not violate the rule of lenity when it resentenced defendant pursuant to the Foster severance remedy.
 {¶ 7} For the foregoing reasons, defendant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BROWN and TYACK, JJ., concur. *Page 1