OPINION
{¶ 1} Defendant-appellant, Tylondia N. Watson ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, which convicted her of felonious assault, with firearm specifications, and carrying a concealed weapon. Because we conclude that appellant received the effective assistance of trial counsel and that no prosecutorial misconduct occurred, we affirm the conviction. *Page 2 
 {¶ 2} Appellant pleaded not guilty to the charges against her, and a jury trial ensued. Plaintiff-appellee, the state of Ohio, established the following at trial. Two women were "getting obnoxious in the restaurant" where Ellis Ladson was working. (Tr. 39.) Ladson asked the women to leave, but one of the women became upset with him. To diffuse the situation, Ladson's manager instructed him to go outside, and the women followed. The woman who accosted Ladson inside the restaurant continued to yell, hit, and push him. The other woman pulled a gun out of her purse, pointed the gun at Ladson, and fired. Ladson fled, and the woman fired one or two more shots.
 {¶ 3} Shortly afterward, police officer James Rodgers arrived at the restaurant to investigate. Rodgers saw appellant's driver's license in the parking lot. Rodgers showed Ladson the driver's license and asked, "`Is the person who shot at you the person on the driver's license?'" (Tr. 32.) Ladson said "yes." (Tr. 32.) Detective Bryan Kiser had an arrest warrant for appellant. He was unable to find appellant for a few days. When Kiser found appellant, she let him search her car. She also admitted that she was at the restaurant on the date of the shooting. Appellant said that she was angry with Ladson for asking her to leave the restaurant, but she denied shooting at him.
 {¶ 4} Melinda Hernandez was the manager of the restaurant where the shooting took place, and she testified as follows for the defense. Ladson got into a fight with a woman, and that woman shot at him. After the shooting, the shooter ran through the parking lot and dropped her driver's license. Hernandez was "positive" that the woman *Page 3 
depicted in the driver's license was the woman who fought with and shot at Ladson. (Tr. 104.)
 {¶ 5} During closing argument, defense counsel said that when appellant let Kiser search her car and when she talked to Kiser, she "didn't act like a person with things to hide." (Tr. 122.) The prosecutor responded during rebuttal argument:
 The defense attorney said that [appellant] didn't act like a person who had something to hide. This incident occurred January 1st, 2007. Police went to her house. Went to a relative's house. It wasn't until January 5th that they were able to locate her. Is that somebody who is acting like they don't have something to hide?
(Tr. 125.) Defense counsel objected, but the trial court overruled the objection.
 {¶ 6} The jury found appellant guilty as charged, and the trial court sentenced her. Appellant appeals asserting the following assignments of error:
 ASSIGNMENT OF ERROR NO. 1
 THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION DUE TO TRIAL COUNSEL'S FAILURE TO SEEK PRETRIAL SUPPRESSION OF THE IMPROPER AND UNCONSTITUTIONAL IDENTIFICATION OF THE APPELLANT.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT DENIED THE APPELLANT HER RIGHT TO A FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT OVERRULED THE APPELLANT'S TIMELY OBJECTION AND FAILED TO ADMONISH *Page 4 
THE PROSECUTOR FOR MISCONDUCT DURING HIS CLOSING ARGUMENT.
 {¶ 7} In her first assignment of error, appellant argues that her defense counsel rendered ineffective assistance. We disagree.
 {¶ 8} The United States Supreme Court established a two-pronged test for ineffective assistance of counsel. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. First, the defendant must show that counsel's performance was outside the range of professionally competent assistance and, therefore, deficient. Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived the defendant of a fair trial. Id. A defendant establishes prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.
 {¶ 9} Appellant contends that her defense counsel was ineffective for not seeking to suppress Ladson's pretrial and in-court identifications of her as the shooter. Counsel renders ineffective assistance for not filing a motion to suppress if the record demonstrates that the motion would have been granted. State v. Shipley, 10th Dist. No. 05AP-385,2006-Ohio-950, ¶ 15. A pretrial identification is inadmissible if the identification procedure was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under all the circumstances.State v. Davis (1996), 76 Ohio St.3d 107, 112, 1996-Ohio-414. Likewise, a conviction cannot stand if based on an in-court *Page 5 
identification that follows an impermissibly suggestive pretrial photo identification procedure that gave rise "to a very substantial likelihood of irreparable misidentification." Simmons v.United States (1968), 390 U.S. 377, 384, 88 S.Ct. 967, 971.
 {¶ 10} Appellant claims that Ladson's pretrial identification occurred through an impermissibly suggestive single photo identification procedure, i.e., his showing the driver's license to her. InSimmons, the court noted that the danger of misidentification is increased through a single photo identification procedure. Id. at 383,88 S.Ct. at 971. In Simmons, however, the court permitted the use of a suggestive photo identification procedure because "[a] serious felony had been committed" and "[t]he perpetrators were still at large." Id. at 384, 88 S.Ct. at 971. The court found it was necessary for the police to swiftly "determine whether they were on the right track." Id. at 385,88 S.Ct. at 971. Here, like Simmons, it was imperative for Rodgers to determine whether appellant was the shooter so the police could quickly focus their efforts on apprehending her. Conversely, had Ladson stated that appellant was not the shooter, it would have spared appellant the "ignominy of arrest." Id. at 384, 88 S.Ct. at 971.
 {¶ 11} Appellant also argues that Ladson's pretrial identification is unreliable. "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson v. Brathwaite (1977),432 U.S. 98, 114, 97 S.Ct. 2243, 2253. Factors to be considered in evaluating the likelihood of misidentification include: (1) the opportunity of the witness to view the suspect at the time of the crime; (2) the witness' attentiveness; (3) the accuracy of the witness' prior description of the suspect; (4) the level of certainty demonstrated with the identification; and (5) the time between the crime and the *Page 6 
identification. Neil v. Biggers (1972), 409 U.S. 188, 199-200,93 S.Ct. 375, 382. Ladson had ample opportunity to view appellant before and during the shooting. Ladson's degree of attentiveness was high, given his involvement in the confrontation that culminated in the shooting, and Ladson's identification took place shortly after the shooting. Furthermore, there is no indication in the record that Ladson hesitated in identifying appellant as the shooter, and Hernandez corroborated this identification.
 {¶ 12} For these reasons, we conclude that Ladson's pretrial identification of appellant as the shooter did not occur through an impermissibly suggestive procedure that gave rise to an unreliable identification. Thus, Ladson's pretrial identification did not taint his in-court identification of appellant as the shooter. Therefore, a motion to suppress the pretrial and in-court identifications would not have been successful, and defense counsel was not ineffective for not filing the motion. Accordingly, we overrule appellant's first assignment of error.
 {¶ 13} Appellant's second assignment of error concerns the prosecutor's comment during closing rebuttal argument that appellant was avoiding the police. Appellant contends that this comment lacked evidentiary support and constituted prosecutorial misconduct. By arguing that appellant "didn't act like a person with things to hide," defense counsel opened the door for the prosecutor's comment to the contrary. Defendant "cannot open the door to the issue and then seek to close it right behind him." State v. Cockroft, 10th Dist. No. 04AP-608,2005-Ohio-748, ¶ 15, overruled on other grounds in In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109. See alsoState v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, *Page 7 
¶ 298 (concluding that a prosecutor's argument was not improper when defense opened the door to the topic). Accordingly, we conclude that the prosecutor's comment did not constitute misconduct, and we overrule appellant's second assignment of error.
 {¶ 14} In summary, we overrule appellant's two assignments of error. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
McGRATH and TYACK, JJ., concur. *Page 1