[Cite as *State v. Cockroft*, 2020-Ohio-4436.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 19AP-738 |
| | | (C.P.C. No. 03CR-6715) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Anthony Cockroft, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 15, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Anthony Cockroft*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Anthony Cockroft, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate a void judgment. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In 2003, Cockroft was indicted on counts of aggravated robbery, aggravated murder, attempted murder, and tampering with evidence. Firearm specifications were attached to the aggravated robbery, aggravated murder, and attempted murder charges. A jury found Cockroft guilty of committing the charged offenses with the associated firearm specifications. The trial court sentenced Cockroft based on those convictions, including sentencing him to three years in prison for the firearm specification attached to the

aggravated murder count. The trial court did not expressly address the firearm specifications attached to the aggravated robbery and attempted murdered counts.

{¶ 3} In Cockroft's direct appeal, he challenged both his convictions and sentences. *State v. Cockroft*, 10th Dist. No. 04AP-608, 2005-Ohio-748. He argued the trial court gave improper jury instructions, the tampering with evidence conviction was based on insufficient evidence and was against the manifest weight of the evidence, and the trial court erred in admitting certain hearsay statements. He also argued the sentences were erroneously based on facts not found by the jury or admitted by him. This court rejected those arguments and affirmed. *Id.* The Supreme Court of Ohio, however, reversed and remanded the matter for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 35. On remand, the trial court in June 2006 imposed the same sentences. Cockroft appealed, challenging the non-minimum and consecutive sentences. *State v. Cockroft*, 10th Dist. No. 06AP-752, 2007-Ohio-2217. This court affirmed. *Id.*

{¶ 4} Nearly six years later, in March 2013, Cockroft filed a motion for resentencing based on the trial court's failure to impose a mandatory term of post-release control during the 2006 sentencing. The trial court denied the motion, but this court reversed that denial based on a finding that part of Cockroft's sentence was void because the trial court failed to properly impose post-release control at either his original sentencing or at resentencing. *State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644. This court remanded the matter for resentencing limited to properly imposing post-release control as part of Cockroft's sentence. *Id.* at ¶ 23. On remand, the trial court imposed post-release control as required. *See State ex rel. Cockroft v. McIntosh*, 10th Dist. No. 15AP-874, 2016-Ohio-4639.

{¶ 5} In October 2016, Cockroft filed a motion requesting resentencing because the June 2006 judgment entry allegedly did not include the "fact of conviction" and therefore was not a final appealable order. The trial court denied Cockroft's October 2016 motion, and this court affirmed that denial. *State v. Cockroft*, 10th Dist. No. 17AP-9, 2017-Ohio-7614. In affirming the trial court, this court found the appeal meritless because res judicata barred Cockroft's argument and because the entry at issue contained the "fact of conviction." *Id.*

{¶ 6} In December 2018, Cockroft again filed a motion to vacate the June 2006 judgment entry. In support of this motion, he argued a resentencing was necessary because the trial court failed to sentence him as to the firearm specifications attached to the aggravated robbery and attempted murder counts. The trial court denied Cockroft's December 2018 motion, and he appeals from that denial.

## II. Assignment of Error

{¶ 7} Cockroft assigns the following error for our review:

> The trial court failed to impose a sentence on the gun specification in Count One and Count Three of the indictment that defendant-appellant Anthony Cockroft was found guilty of.

## III. Discussion

{¶ 8} Based on the trial court judgment from which Cockroft has appealed, we construe his sole assignment of error as alleging the trial court erred in denying his motion to vacate a void judgment. Cockroft argues the trial court's June 2006 judgment entry must be vacated because the trial court did not impose sentences on the firearm specifications attached to Counts 1 and 3 of the indictment. According to him, the trial court's judgment entry was interlocutory or void based on this omission. We are unpersuaded.

{¶ 9} Contrary to Cockroft's assertion, the trial court's June 2006 judgment entry was a final appealable order. A sentencing entry is a final appealable order "when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. The June 2006 judgment entry met these requirements. The entry indicates Cockroft was convicted of aggravated robbery, aggravated murder, attempted murder, and tampering with evidence, and it sets forth the sentences imposed for each of those crimes. The entry also bears the judge's signature and is time stamped showing it was journalized on the court's docket. Although Cockroft correctly asserts that the entry makes no reference to the firearm specifications attached to two of the crimes, "a trial court's failure to address a specification does not affect the finality of the order" because a specification is " 'merely a sentence enhancement, not a separate criminal offense.' " *State ex rel. Rodriguez v. Barker*, 158 Ohio St.3d 39, 2019-Ohio-4155,

¶ 10, quoting *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 17. Therefore, the June 2006 judgment entry was a final appealable order.

{¶ **10**} We also reject Cockroft's assertion that the June 2006 sentencing entry was void because the trial court did not expressly address all the firearm specifications, and thus subject to challenge by his collateral motion. "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37. The res judicata doctrine does not, however, preclude a collateral challenge to a void judgment. *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913, ¶ 18. But the sentencing entry that Cockroft collaterally challenged was not void.

{¶ **11**} In *Harper*, the Supreme Court of Ohio "reevaluate[d] the basic premise of [its] void-sentence jurisprudence" and clarified this unsettled area of law with the following guiding principle: "A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Harper* at ¶ 34, 42. Thus, when the sentencing court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id* at ¶ 42. Because the trial court had subject-matter jurisdiction in the case and personal jurisdiction over Cockroft, any sentencing error committed by the trial court in not expressly addressing the firearm specifications attached to two of his crimes would have made the judgment voidable, not void. *Rodriguez* at ¶ 11. And this alleged error could have been raised in Cockroft's direct appeal. *Id.* at ¶ 14. Consequently, Cockroft's motion to vacate was barred by res judicata.

{¶ **12**} Because the trial court did not err in denying Cockroft's motion to vacate a void judgment, we overrule his sole assignment of error.

## IV. Disposition

{¶ **13**} Having overruled Cockroft's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____