OPINION
{¶ 1} Appellant, Troy C. Phillips, appeals from the May 4 and May 6, 2005 judgment entries of the Lake County Court of Common Pleas.
 {¶ 2} On January 28, 2003, in Case Number 02 CR 000634, appellant was charged by way of information with three counts: count one, complicity to burglary, a felony of the fourth degree, in violation of R.C. 2911.12(A)(4) and R.C. 2923.03(A)(2); count two, complicity to robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3) and R.C. 2923.03(A)(2); and count three, vandalism, a felony of the fifth degree, in violation of R.C. 2905.05(B)(2).
 {¶ 3} On March 10, 2003, appellant entered a written plea of guilty to all three charges. The trial court accepted appellant's guilty plea the same day, deferred sentencing, and set bond at $30,000. On March 13, 2003, the trial court revoked appellant's bond due to appellant testing positive for marijuana. On March 21, 2003, appellant filed a motion to reconsider order revoking bond, stating that he had ingested marijuana prior to his guilty plea, but that it had remained in his system. However, on March 28, 2003, appellant tested positive for marijuana again, at the maximum amount, indicating recent use. On March 31, 2003, the trial court denied appellant's motion to reconsider.
 {¶ 4} On April 23, 2003, the trial court sentenced appellant to serve ninety-five days in jail and three years of community control sanctions, subject to further conditions. The trial court informed appellant that violation of any of the stated conditions would lead to a more restrictive sanction, a longer sanction, or prison term of seven-and-a-half years.
 {¶ 5} On December 6, 2004, in Case Number 04 CR 000547, appellant was indicted by the Lake County Grand Jury on five counts: count one, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(B)(1), with a one-year firearm specification; count two, assault, a felony of the fourth degree, in violation of R.C. 2903.13(A), with a one-year firearm specification; count three, carrying concealed weapons, a felony of the fourth degree, in violation of R.C. 2923.12; count four, possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11, with a firearm specification; and count five, harassment by inmate, a felony of the fifth degree, in violation of R.C. 2921.38(A)(1).
 {¶ 6} On April 26, 2005, appellant entered a written plea of guilty to all charges, except that count one, aggravated robbery was amended to attempted aggravated robbery, a felony of the second degree, in violation of R.C. 2911.01(B)(1), with a mandatory one year firearm specification. The trial court accepted appellant's guilty plea the same day and deferred sentencing.
 {¶ 7} On May 4, 2005, in Case Number 02 CR 000634, the trial court terminated appellant's community control sanctions due to appellant violating the conditions of his community control. The trial court sentenced appellant to serve a prison term of four years on count one, seventeen months on count two, and eleven months on count three, to be served concurrently to one another, for a four year aggregate sentence, but to be served consecutive to the sentence imposed in Case Number 04 CR 000547.
 {¶ 8} On May 6, 2005, in Case Number 04 CR 000547, the trial court sentenced appellant to seven years on count one, one year on count two, one year on count three, eleven months on count four, and eleven months on count five, to be served concurrently to one another, but consecutive to the sentence imposed in Case Number 02 CR 000634. The trial court then sentenced appellant to an additional one-year mandatory term for the three firearm specifications related to counts one, two, and four, to be served concurrent to each other, but consecutive to the seven-year term imposed for the other counts. Thus, the trial court sentenced appellant to an aggregate prison term of eight years in this case, resulting in a total term of twelve years for both cases.
 {¶ 9} It is from the May 4 and May 6, 2005 judgment entries that appellant appeals, raising the following assignments of error:
 {¶ 10} "[1.] The trial court erred when it sentenced [appellant] to more than the `statutory maximum' sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury.
 {¶ 11} "[2.] The trial court erred to the prejudice of [appellant] in ordering a term of imprisonment when the requisite findings under the applicable sentencing statutes were not supported by the facts."
 {¶ 12} Appellant's two assignments of error challenge the more than the minimum sentence and consecutive sentence he received, and are impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio inFoster. On that basis, appellant's assignments of error are with merit.
 {¶ 13} In Foster, at paragraphs one and three of the syllabus, the Supreme Court held that R.C. 2929.14(B) and R.C.2929.14(E) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 14} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and R.C. 2929.14(E). After severance, judicial factfinding is not required before imposing more than the minimum sentences or consecutive sentences. Foster at paragraphs two and four of the syllabus.
 {¶ 15} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 16} The sentence imposed by the Lake County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for further proceedings consistent with this opinion pursuant to Foster.
O'Neill, J., Grendell, J. concur.