OPINION
{¶ 1} Defendant-appellant, Troy C. Phillips, appeals the Judgment Entry of Sentence, rendered by the Lake County Court of Common Pleas in separate proceedings, sentencing him to an aggregate prison term of twelve years for crimes more fully described below. For the reasons that follow, we affirm the decisions of the court below. *Page 2 
 {¶ 2} On January 28, 2003, Phillips was charged in Case No. 02 CR 000634, by way of information, with one count of Complicity to Burglary, a felony of the fourth degree in violation of R.C. 2911.12(A)(4) and R.C. 2923.03(A)(2); one count of Complicity to Robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3) and R.C. 2923.03(A)(2); and one count of Vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(2).
 {¶ 3} On March 10, 2003, Phillips entered a written plea of guilty to all three charges. In the plea agreement, Phillips acknowledged that he faced a potential prison sentence of six to eighteen months for Complicity to Burglary, one to five years for Complicity to Robbery, and six to twelve months for Vandalism. Phillips also acknowledged that, if the court chose to run his sentences consecutively, the maximum prison sentence would be seven and a half years.
 {¶ 4} On April 21, 2003, the trial court sentenced Phillips to serve ninety-five days in the Lake County Jail and three years of community control sanctions.
 {¶ 5} On December 6, 2004, Phillips was indicted in Case No. 04 CR 000547, by the Lake County Grand Jury, with one count of Aggravated Robbery With Firearm Specification, a felony of the first degree in violation of R.C. 2911.01(B)(1); one count of Assault With Firearm Specification, a felony of the fourth degree in violation of R.C.2903.13(A); one count of Carrying Concealed Weapons, a felony of the fourth degree in violation of R.C. 2923.12; one count of Possession of Cocaine With Firearm Specification, a felony of the fifth degree in violation of R.C. 2925.11; and one count of Harassment by Inmate, a felony of the fifth degree in violation of R.C. 2921.38(A)(1). *Page 3 
 {¶ 6} On April 26, 2005, Phillips entered a written plea of guilty to all charges, except that the count of Aggravated Robbery was amended to Attempted Aggravated Robbery With Firearm Specification, a felony of the second degree in violation of R.C. 2911.01 (B) (1 ). In the plea agreement, Phillips acknowledged that he faced a potential prison sentence of two to eight years for Attempted Aggravated Robbery with an additional year for the Firearm Specification; six to eighteen months for Assault with an additional year for the Firearm Specification; six to eighteen months for Carrying Concealed Weapons; six to twelve months for Possession of Cocaine with an additional year for the Firearm Specification; and six to twelve months for Harassment by Inmate. Phillips also acknowledged that, if the court chose to run his sentences consecutively, the maximum prison sentence would be sixteen years.
 {¶ 7} On May 4, 2005, the trial court, in Case No. 02 CR 000634, terminated Phillips' community control sanctions and sentenced Phillips to seventeen months in prison for Complicity to Burglary; four years in prison for Complicity to Robbery; and eleventh months in prison for Vandalism.[1] The court ordered these sentences to be served concurrently with one another, for an aggregate sentence of four years, but consecutively with the sentence to be imposed in Case No. 04 CR 000547.
 {¶ 8} On May 6, 2005, the trial court sentenced Phillips in Case No. 04 CR 000547 to seven years in prison for Attempted Aggravated Robbery; one year in prison for Assault; one year in prison for Carrying Concealed Weapons; eleven *Page 4 
months in prison for Possession of Cocaine; and eleven months in prison for Harassment by Inmate. The court ordered these sentences to be served concurrently with one another, but consecutively with the sentence imposed in Case No. 02 CR 000634. The court imposed an additional, one-year mandatory prison term for each of the Firearm Specifications to be served concurrently with one another but consecutively with the seven-year term imposed for the other counts. Thus, the court sentenced Phillips to an aggregate twelve-year term of imprisonment for both cases.
 {¶ 9} Phillips appealed the May 4 and May 6, 2005 Judgment Entries of Sentence to this court on the grounds that the sentencing court engaged in impermissible judicial fact-finding in violation of his constitutional rights, under the authority of Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296.
 {¶ lO} On May 12, 2006, this court reversed Phillips' sentences, on the authority of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remanded the cases for further proceedings. State v. Phillips, 11th Dist. Nos. 2005-L-125 and 2005-L-126, 2006-Ohio-2381.
 {¶ 11} On June 19, 2006, in Case Nos. 02 CR 000634 and 04 CR 000547, the trial court again sentenced Phillips to an aggregate prison term of twelve years as described above. Phillips timely appeals and raises the following assignments of error. *Page 5 
 {¶ 12} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 13} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 14} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 15} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the rule of lenity.
 {¶ 16} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 17} Phillips' assignments of error all challenge the retroactive application of the Ohio Supreme Court's decision in Foster to his sentencing hearing. The arguments raised in support of this position are identical to the arguments raised and rejected in prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 2006-L-075,2006-Ohio-7011. *Page 6 
 {¶ 18} Phillips' arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 19} Phillips' assignments of error are without merit. The judgment of the Lake Court of Common Pleas, sentencing Phillips to an aggregate twelve years imprisonment for Complicity to Burglary, Complicity to Robbery, Vandalism, Attempted Aggravated Robbery With Firearm Specification, Assault With Firearm Specification, Carrying Concealed Weapons, Possession of Cocaine With Firearm Specification, and Harassment by Inmate, is affirmed.
WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur.
[1] Phillips' sentence in Case No. 02 CR 000634, as quoted herein, was entered by way of an Amended Judgment Entry on June 6, 2005. *Page 1