OPINION
{¶ 1} Defendant-appellant, Keith Malloy, appeals the July 27, 2004 judgment of the Common Pleas Court of Allen County, Ohio, sentencing him to consecutive terms totaling twenty years imprisonment.
 {¶ 2} Defendant Malloy and two others went to the home of Richard and Dorothy Davis in Lima, Allen County, Ohio on January 27, 2004. One of the men accompanying Malloy was Shawn Davis, the Davis' grandson. He had informed Malloy that the Davis' owned a small business and kept a large amount of cash at their home — Shawn estimated that there would be between $7,000 and $10,000 at the Davis residence. The three men went to the home with the intention of robbing the victims.
 {¶ 3} When the three men went to the Davis residence, the Davis' were at home. Malloy and his partners were wearing masks and carrying guns. One of the men, who the others referred to as "Bo," hit Mr. Davis on the head with the barrel of his gun, causing a gash. The men subdued Mr. and Mrs. Davis and took what was on their persons. They asked about the money from the store, and Mrs. Davis responded that it was in their car. According to Mrs. Davis, "Bo" then took the Davis' into a back room and sat them down. He pointed his gun at Mrs. Davis' head and pulled the trigger, however the gun misfired. In their investigation, the police theorized that the gun was damaged when "Bo" struck Mr. Davis in the head, damaging part of the firing mechanism. The men continued to search the house, but did not find the large sum of money they were told would be there. They did, however, leave with cash and other valuables.
 {¶ 4} During their investigation, the police questioned Shawn Davis about his involvement in the robbery. He identified his partners, and the police learned that the person referred to as "Bo" during the robbery was defendant Malloy.
 {¶ 5} On March 11, 2004 the Allen County grand jury returned an eight count indictment against Malloy. The indictment charged Malloy with one count of aggravated burglary, two counts of aggravated robbery, two counts of felonious assault, two counts of abduction, and one count of attempted murder, all with firearm specifications. Malloy then negotiated a plea agreement, and on June 10, 2004 he pled guilty to one count of aggravated burglary with a firearm specification, a first degree felony in violation of R.C. 2911.11(A)(1), and one count of aggravated robbery, a first degree felony in violation of R.C. 2911.01(A)(1). The additional charges, including the firearm specification on the aggravated robbery, were dismissed.
 {¶ 6} At the July 14, 2004 sentencing hearing, the trial court sentenced Malloy to a seven year prison sentence on the aggravated burglary charge, to be served consecutively to a three year mandatory prison sentence for the firearm specification. The court also sentenced Malloy to a ten year prison term for count two, aggravated robbery. The term was to be served consecutively to all other terms. It is from these sentences that Malloy brings the instant appeal, asserting the following assignment of error:
The trial court erred when it sentenced Appellant to nonminimum,maximum sentences based on facts not found by the jury or admitted byAppellant.
 {¶ 7} In his sole assignment of error, Malloy contends that by sentencing him to more than the minimum three-year prison term proscribed by R.C. 2929.14(B) the trial court violated his Sixth Amendment rights. His argument is predicated on a recent United States Supreme Court decision that held that a trial court could not enhance a prison sentence based on facts not stipulated by the defendant or found beyond a reasonable doubt by a jury. Blakely v. Washington (2004), ___ U.S. ___,124 S.Ct. 2531.
 {¶ 8} We analyzed the impact of the Blakely decision on Ohio sentencing law in State v. Trubee (Feb. 14, 2005), Marion App. No. 9-03-65. In short, Blakely expounded on the rule set forth in Apprendiv. New Jersey (2000), 530 U.S. 466. Under that rule, the Sixth Amendment right to a trial by jury requires that any fact, other than a defendant's prior conviction, which increases a sentence beyond the statutory maximum "must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. The Blakely decision clarifies that rule, holding that the "statutory maximum" is "the maximum sentence a judge may impose solely onthe basis on the facts reflected in the jury verdict or admitted by thedefendant." Blakely, 124 S.Ct. at 2537.
 {¶ 9} We found in Trubee that the Blakely rule does not apply to Ohio's sentencing scheme. Trubee, Marion App. No. 9-3-65, at ¶ 51. In that decision we held that the "shortest prison term authorized for the offense" was not the statutory maximum under Blakely for two reasons: (1) the statute does not increase the maximum penalty to which a defendant is susceptible due to factual findings by a trial judge, and (2) the statute does not mandate an increase in the sentence based on any judicial determinations. Id. Moreover, we found that the determinations relied on by the trial judge when he increased Trubee's sentence beyond the minimum term fell under Blakely's exception for prior convictions. Id. at ¶ 39-46; see Blakely, 124 S.Ct. at 2536. Accordingly, we held that R.C.2929.14(B) does not permit a trial court to increase a criminal defendant's sentence in violation of his Sixth Amendment rights. Trubee,
Marion App. No. 9-3-65, at ¶ 51.
 {¶ 10} In the instant case, the trial court found that each of the factors in R.C. 2929.14(B) applied: that Malloy had previously served a prison term, that sentencing him to the three-year Blakely-Apprendi
maximum would demean the seriousness of the offense, and that the three-year term would not adequately protect the public.
 {¶ 11} Following our analysis of Blakely in Trubee, the trial court was permitted to rely on these facts in utilizing its discretion to increase Malloy's sentence beyond the minimum term. Accordingly, the assignment of error is overruled, and the judgment and sentence of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J., and Rogers, J., concur.