OPINION
{¶ 1} Defendant-appellant Keith L. Malloy appeals the decision of the Allen County Court of Common Pleas to resentence him to non-minimum, maximum, and consecutive prison terms totaling 20 years. For the reasons that follow, we affirm the trial court's decision in all respects.
 {¶ 2} On March 11, 2004, the Allen County Grand Jury indicted Malloy for one count of aggravated burglary, two counts of aggravated robbery, two counts of felonious assault, one count of attempted murder, and two counts of abduction. Each of the eight counts included a firearm specification, and all of the counts pertained to Malloy's involvement in the robbery of an elderly couple in Lima, Ohio, on January 24, 2004.
 {¶ 3} On June 10, 2004, Malloy entered into a negotiated plea agreement and pled guilty to the following: one count of aggravated burglary with a firearm specification in violation of R.C. 2911.11(A)(1) and 2941.145(A); and one count of aggravated robbery without a firearm specification in violation of R.C. 2911.01(A)(1). The aggravated burglary and aggravated robbery counts to which Malloy pled guilty constituted first-degree felony offenses. In accordance with the terms of the plea agreement, the prosecution dismissed all of the remaining counts and specifications. *Page 3 
 {¶ 4} On July 14, 2004, the trial court sentenced Malloy to a seven year prison term for aggravated burglary, a mandatory three year prison term for the firearm specification, and a ten year prison term for aggravated robbery. The trial court ordered that Malloy serve each prison term consecutively, thereby sentencing him to a total of 20 years.
 {¶ 5} Malloy subsequently appealed his sentence to this court, arguing that under Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, the trial court violated his constitutional right to trial by jury when it sentenced him to non-minimum and maximum prison terms. State v. Malloy, 3d Dist. No. 1-04-64, 2005-Ohio-961. This court disagreed with Malloy and affirmed his sentence. Id.
 ¶ 6 Thereafter, Malloy appealed his sentence to the Ohio Supreme Court. Based on its decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court reversed this court's decision and remanded this case to the trial court for resentencing. In re Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174, at ¶ 41. On remand, the trial court resentenced Malloy to the same three prison terms and again ordered that he serve those terms consecutively.
 {¶ 7} Malloy now appeals his sentence to this court and sets forth four assignments of error for our review. For purposes of clarity, we combine Malloy's *Page 4 
second and third assignments of error. We also note that Malloy's four assignments of error mirror the assignments of error that this court recently analyzed and overruled in an unrelated case, State v.Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860.
 ASSIGNMENT OF ERROR NO. I The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 {¶ 8} Malloy argues in his first assignment of error that the Ohio Supreme Court's decision in Foster is legally erroneous and incompatible with the United States Supreme Court's prior rulings. Malloy thus concludes that the trial court violated his right to trial by jury under the Sixth and Fourteenth Amendments to the United States Constitution by resentencing him under Foster to non-minimum, maximum, and consecutive prison terms.
 {¶ 9} In Foster, the Ohio Supreme Court held portions of Ohio's felony sentencing framework unconstitutional. Foster at ¶¶ 97, 103. The court then severed and excised those portions. Id. Regarding future sentences and resentencing, the court specified that trial courts maintain full discretion to impose *Page 5 
prison sentences within the applicable statutory range without making findings or giving reasons for sentencing defendants to non-minimum, maximum, or consecutive prison sentences. Id. at ¶ 100.
 {¶ 10} This court is required to follow the Ohio Supreme Court's controlling precedent. See Moore at ¶ 7. As such, we cannot say that the trial court erred when it resentenced Malloy to the same prison terms, which fall within the statutory range for first-degree felony offenses under R.C. 2929.14(A)(1), and ordered that Malloy serve those prison terms consecutively. Malloy's first assignment of error is therefore overruled.
 ASSIGNMENT OF ERROR NO. II The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize the sentence rendered against Defendant Keith L. Malloy, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 ASSIGNMENT OF ERROR NO. III The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451. *Page 6 
 {¶ 11} Malloy argues in his second and third assignments of error that the trial court violated the Ex Post Facto Clause of the United States Constitution, as well as notions of federal due process generally, by resentencing him in accordance with Foster. Additionally, Malloy argues, again, that Foster is incompatible with the United States Supreme Court's prior rulings, including Rogers v. Tennessee (2001),532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697.
 {¶ 12} For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we find Malloy's arguments unpersuasive. Malloy committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. And the basic range of sentences for first-degree felony offenses has remained unchanged, thus Malloy was on notice of the potential penalties for his unlawful conduct. SeeMcGhee at ¶¶ 16, 20; R.C. 2929.14(A)(1). Malloy's second and third assignments of error are consequently overruled.
 ASSIGNMENT OF ERROR NO. IV The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
 {¶ 13} Malloy argues in his fourth assignment of error that the trial court resentenced him in accordance with Foster and, therefore, the least lenient *Page 7 
construction of the felony sentencing statutes at issue. From this premise Malloy concludes that the trial court violated a long-standing principle of statutory construction: the rule of lenity.
 {¶ 14} The rule of lenity, which originated at common law, is codified in R.C. 2901.04(A) and provides in pertinent part: "Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The rule does not apply, however, unless ambiguity exists in a statute or multiple statutes conflict. See State v. Arnold (1991),61 Ohio St.3d 175, 178, 573 N.E.2d 1079; see, also, United States v. Johnson (2000),529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; United States v.Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432.
 {¶ 15} In Moore, this court held that no ambiguity exists in Ohio's sentencing statutes following the Ohio Supreme Court's decision to hold portions of the statutes unconstitutional. See Moore at ¶¶ 10-12; see, also, State v. Corbin, 3d Dist. No. 1-06-23, 2006-Ohio-6092, at ¶¶11-13.[1] Based on our prior holding, we find Malloy's argument regarding the rule of lenity meritless. The rule is inapplicable to the particular facts of this case. Accordingly, Malloy's fourth assignment of error is also overruled. *Page 8 
 {¶ 16} Having found no error prejudicial to Malloy in the particulars assigned and argued, we affirm the trial court's decision in all respects.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] Other Ohio appellate districts have reached a similar conclusion. See, e.g., State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, at ¶ 23; State v. Henderson, 10th Dist. No. 06AP-645, 2007-Ohio-382, at ¶¶ 9-10; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶¶ 40-44. *Page 1