OPINION *Page 2 
{¶ 1} Defendant-appellant Richard A. Powell appeals the Allen County Court of Common Pleas' decision to resentence him to a six-year prison term and order that he serve the term consecutively to his sentence in a different matter, Case No. CR 2004 0557. For the reasons that follow, we affirm.
 {¶ 2} On May 12, 2005, the Allen County Grand Jury indicted Powell in Case No. CR 2005 0198 for the following: one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony; and one count of domestic violence in violation of R.C. 2919.25(A), a fifth-degree felony. Ultimately, the matter proceeded to a jury trial, and the jury found Powell guilty of felonious assault. At trial, the prosecution moved to dismiss the domestic violence charge, and the trial court granted the prosecution's request.
 {¶ 3} Thereafter, the trial court sentenced Powell to a six-year prison term. The trial court also ordered that Powell serve the term consecutively to his sentence in a different matter, Case No. CR 2004 0557.
 {¶ 4} Powell subsequently appealed his conviction and sentence to this court. On April 10, 2006, this court affirmed Powell's conviction.State v. Powell, 3d Dist. No. 1-05-51, 2006-Ohio-1778, at ¶ 15. But, this court also held the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, applied to this case. Id. Consequently, this court *Page 3 
vacated Powell's sentence and remanded for resentencing. Id. On remand, the trial court resentenced Powell to the same six-year prison term and, again, ordered that he serve the term consecutively to his sentence in Case No. CR 2004 0557.
 {¶ 5} Powell now appeals to this court and sets fourth four assignments of error for our review. For purposes of clarity, we combine Powell's second and third assignments of error. We also note Powell's four assignments of error virtually mirror the assignments of error that this court analyzed and overruled in an unrelated case, State v.Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860.
 ASSIGNMENT OF ERROR NO. I The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 {¶ 6} In his first assignment of error, Powell argues the Ohio Supreme Court's decision in State v. Foster is legally erroneous and incompatible with the United States Supreme Court's prior sentencing precedent. Thus, Powell concludes the trial court violated his right to trial by jury under the Sixth and Fourteenth Amendments to the United States Constitution when it resentenced him in accordance withFoster. *Page 4 
 {¶ 7} In Foster, the Ohio Supreme Court held portions of Ohio's felony sentencing framework unconstitutional. Foster at ¶ ¶ 97, 103. Where possible, the court severed and excised the unconstitutional portions of the sentencing framework. Id. Regarding future sentences and resentencing, the court specified that trial courts maintain full discretion to impose prison sentences within the applicable statutory range without making findings or giving reasons for sentencing defendants to non-minimum, maximum, or consecutive prison sentences. Id. at ¶ 100.
 {¶ 8} This court is required to follow the Ohio Supreme Court's controlling precedent. See Moore at ¶ 7. As such, we cannot say the trial court erred when it resentenced Powell in accordance withFoster. Accordingly, we must overrule Powell's first assignment of error.
 ASSIGNMENT OF ERROR NO. II The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize the sentence rendered against Defendant Richard Powell, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected. *Page 5 
 ASSIGNMENT OF ERROR NO. III The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451.
 {¶ 9} In his second and third assignments of error, Powell argues the trial court violated the Ex Post Facto Clause of the United States Constitution, as well as notions of due process generally, when it resentenced him in accordance with Foster. Additionally, Powell argues for a second time that Foster is incompatible with the United States Supreme Court's sentencing precedent, specifically Rogers v.Tennessee (2001), 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697.
 {¶ 10} For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, we find Powell's arguments unpersuasive. Powell committed the offense at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. Plus, the sentencing range for second-degree felony offenses has remained unchanged, as has the trial court's authority to order Powell to serve the six-year prison term consecutively to his sentence in Case No. CR 2004 0557. Thus, Powell faced the same potential sentence before Foster that he faced afterFoster. See McGhee at ¶ ¶ 16, 20; R.C. 2929.14(A)(2). *Page 6 
 {¶ 11} For the foregoing reasons, we overrule Powell's second and third assignments of error.
 ASSIGNMENT OF ERROR NO. IV The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
 {¶ 12} In his fourth assignment of error, Powell argues the trial court resentenced him under the least lenient construction of Ohio's felony sentencing framework. In doing so, Powell concludes the trial court violated a long-standing principle of statutory construction, the rule of lenity, when it resentenced him in accordance withFoster.
 {¶ 13} The rule of lenity originated at common law. It is codified in R.C. 2901.04(A), which provides in pertinent part: "Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Notably, the rule does not apply unless ambiguity exists in a statute or multiple statutes conflict. State v. Arnold (1991), 61 Ohio St.3d 175, 178,573 N.E.2d 1079; see, also, United States v. Johnson (2000), 529 U.S. 53,59, 120 S.Ct. 1114, 146 L.E.2d 39; United States v. Lanier (1997),520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.E.2d 432. *Page 7 
 {¶ 14} Previously, this court held no ambiguity or conflict exists in Ohio's felony sentencing framework after the Ohio Supreme Court held certain portions of the framework unconstitutional. Moore at ¶ ¶ 10-12; see, also, State v. Corbin, 3d Dist. No. 1-06-23, 2006-Ohio-6092, at ¶ ¶ 11-13.[1] Accordingly, the rule of lenity is inapplicable to the particular facts of this case, and Powell's argument lacks merit. We therefore overrule Powell's fourth assignment of error.
 {¶ 15} Finding no error prejudicial to Powell in the particulars assigned and argued, we affirm.
Judgment Affirmed.
SHAW and WILLAMOWSKI, J.J., concur.
[1] Other Ohio appellate districts have reached a similar conclusion. See, e.g., State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, at ¶ 23; State v. Henderson, 10th Dist. No. 06AP-645, 2007-Ohio-382, at ¶¶ 9-10; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶¶ 40-44. *Page 1